IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **EDWARD G. NEWMAN JR.,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**MACLEAN FINANCIAL LTD**, a Delaware corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Edward G. Newman Jr. ("Plaintiff Newman" or "Newman") brings this Class Action Complaint and Demand for Jury Trial against Defendant Maclean Financial Ltd. ("Defendant Maclean Financial") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Newman, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Newman is a resident of Willow Park, Texas.

2. Defendant Maclean Financial is a Delaware company headquartered in Dallas, Texas. Defendant Maclean Financial LTD conducts business throughout this District and the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because Defendant Maclean Financial has its headquarters located in this state.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Maclean Financial has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in September 2023 alone, at a rate of 142.4 million per day. www.robocallindex.com (last visited October 9, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant Maclean Financial provides financial and accounting services to consumers and businesses throughout the U.S.[3]

15. Defendant Maclean Financial places telemarketing calls to consumer and businesses to generate business.

16. Defendant Maclean Financial hires foreign call centers to place telemarketing calls on its behalf:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/maclean-financial-pty-ltd/people/

3



**Florinda Guanzon**
September 12 at 8:25 AM

Hi guys! We're looking for an additional Credit Sales Rep in our team.

SEND YOUR APPLICATION HERE: forms.gle/WkNAJERZhF71oDrn7

Permanent WFH: YES

Work Schedule: M-F, 10:00PM to 7:00AM

Additional Benefits: Paid Holidays and Leave Credits

Company: https://maclean-financial.com/

What You Should Have:

- Excellent English communication skills

- At least 2 years of Credit and/or Sales work experience (in the US market is a plus)

- Own PC/laptop with at least 8GB RAM

- Internet connection with at least 25Mbps

This role will mainly focus on calling our potential leads and offering the best service to improve their credit scores.

SEND YOUR APPLICATION HERE: forms.gle/WkNAJERZhF71oDrn7 [4]

17. In addition, Maclean Financial specifically hires foreign telemarketers to place cold calls on its behalf, expecting that agents will place at least 150-300 telemarketing calls, daily:

## Outbound Sales Rep/ Cold Caller (Permanent WFH)

Salary: 35,000 - 55,000 PHP

**MACLEAN FINANCIAL PTY LTD**

National Capital Reg

Posted March 8, 2023

**WHAT YOU'LL DO**

- You'll be expected to do outbound phone prospecting, provide the prospects with indicative finance quotations and generate sales leads

- Achieve at least 150-300 calls, and hit the target of at least 6 quotes a day

- Maintain a sound relationship with the existing clients [5]

---

[4] https://www.facebook.com/groups/2444828519086409/search/?q=maclean
[5] https://ph.joblum.com/job/outbound-sales-rep-cold-caller-permanent-wfh/2525197

4

18. The Defendant places unsolicited pre-recorded telemarketing calls, often times to cellular phone numbers, as per Plaintiff's experience.

19. On Robokiller.com, a consumer captured a pre-recorded voicemail that they received on behalf of Maclean Financial:





vehicles trucks heavy equipment and Machinery we have some very sharp rates at the moment so I was seeing if you have any purchases coming up that I may be able to provide a finance quote on please feel free to give me a call back to discuss further thank ██████[6]

20. The above voicemail matches the partial pre-recorded voicemail that Plaintiff Newman received.

21. In addition, the above voicemail was left by phone number 469-270-5978, the same number Defendant used to call Plaintiff Newman.

22. Consumers have posted complaints regarding unsolicited calls they received from the Defendant, including:

- "I keep getting spam calls from this company. I don't appreciate being harassed during work every day. I've never even heard of this company, nor do I live in Texas. Please stop!"[7]

---

[6] https://lookup.robokiller.com/p/469-270-5978
[7] https://www.google.com/search?q=%22maclean+financial%27+texas

- "I'm on the national do not call registry and I do not appreciate getting telemarketing calls."[8]
- "This company has been spam calling my phone ***** times a day. I've NEVER sign up for anything with them, and I've request MANY MANY times that they take me off their calling logs.."[9]



[10][11][12]

23. In response to these calls, Plaintiff Newman brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

**PLAINTIFF NEWMAN'S ALLEGATIONS**

24. Plaintiff Newman is the subscriber and the sole user of the cell phone number ending with 7363.

25. On September 25, 2023 at 12:08 PM, Plaintiff Newman received an unsolicited call from the Defendant to his cell phone from 469-270-5978. This call was not answered but a partial pre-recorded voicemail was left stating:

---

[8] *Id.*
[9] *Id.*
[10] https://www.facebook.com/macleanfinancial/
[11] *Id.*
[12] *Id.*

"… to discuss further thank…"

26. Plaintiff Newman believes this voicemail was pre-recorded because it is incomplete, beginning near the end of the message and the last part of the message is also cut off. The voice in the recording sounds automated and unnatural based on its cadence.

27. The little bit that can be heard of the voicemail matches the sound of the voice that a consumer posted of the prerecorded voicemail that he received and posted on Robokiller:



vehicles trucks heavy equipment and Machinery we have some very sharp rates at the moment so I was seeing if you have any purchases coming up that I may be able to provide a finance quote on please feel free to give me a call back to discuss further thank ▇▇▇▇▇▇▇

[13]

28. When 469-270-5978 is called, it is answered by an employee who identifies the company as Maclean Financial.[14]

29. Plaintiff Newman has never provided his cell phone number to Defendant Maclean Financial in any context. The pre-recorded voicemail that he received was unsolicited.

30. The unauthorized solicitation telephone call that Plaintiff received from or on behalf of the Defendant has harmed Plaintiff Newman in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

---

[13] https://lookup.robokiller.com/p/469-270-5978
[14] Based on an investigation conducted by Plaintiff's attorneys.

31. Seeking redress for these injuries, Plaintiff Newman, on behalf of himself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

32. Plaintiff Newman brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

33. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Newman anticipates the need to amend the Class definition following appropriate discovery.

34. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the wilfulness of Defendant' conduct.

36. **Adequate Representation**: Plaintiff Newman will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Newman has no interests antagonistic to those of the Class, and the Defendant have no defenses unique to Plaintiff. Plaintiff Newman and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Newman nor his counsel have any interest adverse to the Class.

37. **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant' conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Newman. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from

Defendant' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Newman and the Pre-recorded No Consent Class)**

38. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

39. The Defendant transmitted unwanted telephone calls to Plaintiff Newman and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

40. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

41. The Defendant have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant' conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant' actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Newman requests a jury trial.

**EDWARD G NEWMAN JR**, individually and on behalf of all others similarly situated,

DATED this 23rd day of October, 2023.

By: /s/ *Stefan Coleman*
Stefan Coleman
COLEMAN PLLC
66 West Flagler Street
Suite 900
Miami, FL 33130
(877)333-9427
law@stefancoleman.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

Nayeem N. Mohammed (local counsel)
Law Office of Nayeem N. Mohammed
539 W. Commerce St.
Ste 1899
Dallas, TX 75208
972-767-9099
Email: nayeem@nnmpc.com

*Attorney for Plaintiff and the putative Class*

* *Pro Hac Vice* Admission to Be Sought